Appendix A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
Houston          DIVISION

United States Courts
Southern District of Texas
FILED

*September 22, 2025*

Nathan Ochsner, Clerk of Court

Brittney Jones

§
§
§
§
§
§
§

versus

Kipp Public Schools Inc.

CIVIL ACTION NO. _____

**4:25cv0877**

EMPLOYMENT DISCRIMINATION COMPLAINT

1.    This action is brought under Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is conferred by Title 42 United States Code, Section § 2000e-5.

2.    The Plaintiff is: Brittney Jones

Address: P.O. Box 531

Fresno, TX 77545

County of Residence: Fort Bend

3.    The defendant is: Kipp Public Schools Inc.

Address: 10711 Kipp Way

Houston, TX 77099

☑    Check here if there are additional defendants. List them on a separate sheet of paper with their complete addresses.

4.    The plaintiff has attached to this complaint a copy of the charges filed on _____ with the Equal Opportunity Commission.

5.    On the date of 6/20/25_____, the plaintiff received a Notice of Right to Sue letter issued by the Equal Employment Opportunity Commission; a copy is attached.

1

Mia Walker
Chuck Fimble
Amy Soria
Antrica Cooper
Ramsha Mushtaq
Tiffany Maple
Frank Cush
Sebha Ali
Allison Thacker
Lauren Gore
Ellen Spalding
Peter Brodsky
Jene Austin
Judge Dolores Lozano
Ethan Phillips
Hex Nila K Sharma
Darla Whitaker
Sara Villarreal
Keith Hennington
Claudine Lussier
Jenna Moon

0711 Kipp Way Houston, TX 77099

6. Because of the plaintiff's:

   (a) ☑ race

   (b) ☑ color

   (c) ☑ Sex

   (d) ☐ Religion

   (e) ☐ national orgin,

   the defendant has:

   (a) ☐ failed to employ the plaintiff

   (b) ☑ terminated the plaintiff's employment

   (c) ☐ failed to promote the plaintiff

   (d) ☐ other: _____

   _____

   _____

7. When and how the defendant has discriminated against the plaintiff:

   The defendant did not provide necessary and reasonable accommodations to help me perform essential job functions. The defendant did not grant time request of meetings while under counselor's care for mental health under ADA.

8. The plaintiff requests that the defendant be ordered:

   (a) ☐ to stop discriminating against the plaintiff

   (b) ☐ to employ the plaintiff

   (c) ☐ to re-employ the plaintiff

   (d) ☐ to promote the plaintiff

   (e) ☑ to pay monetarily for damages _____

2

_____

_____ and that;

(f)    ☑    the Court grant other relief, including injunctions, damages, costs and

attorney's fees.

_____

(Signature of Plaintiff)

Address:                    P.O. Box 531

Fresno, TX 77545

_____

Telephone:                  316.269.5441

3

# UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**Brittney Jones**
Plaintiff, Pro Se,

v.

**KIPP Public Schools, Inc.; Mia Walker, individually and in official capacity; Chuck Fimble and Amy Soria, individually and in official capacity; Antrica Cooper, Ramsha Mushtaq, individually and in official capacity; Tiffany Maple, Frank Cush, Board of Directors of KIPP Public Schools, Inc.; Sebha Ali, Allison Thacker, Lauren Gore, Ellen Spalding, Peter Brodsky, Gene Austin, Judge Dolores Lozano, Ethan Phillips, Alex Nila K Sharma, Darla Whitaker, Sara Villarreal, Keith Hennington, Claudine Lussier, Jenna Moon, individually and in official capacity.**

Defendants.

Civil Action No. _____

# COMPLAINT

## I. JURISDICTION AND VENUE

1. This action arises under **Title VII of the Civil Rights Act of 1964**, the **Americans with Disabilities Act (ADA)**, and **42 U.S.C. §1983**.

2. Jurisdiction is proper under **28 U.S.C. §§ 1331 and 1343** (federal question and civil rights).

3. Venue is proper in this Court under **28 U.S.C. §1391(b)** because the events occurred within this District and Defendants reside or conduct business here.

## II. PARTIES

4. Plaintiff, Brittney Jones, is an individual formerly employed by Defendant Kipp Public Schools, Kipp Schools Inc.

5. Defendant **Kipp Schools Inc.** is a public charter school operating under state authority.

6.  Defendant **Mia Walker** was Plaintiff's supervisor and is sued **individually and in her official capacity**.

7.  Defendant **Chuck Fimble and Amy Soria** were responsible for HR complaints and is sued **individually and in their official capacity**.

8.  Defendant(s) **Antrica Cooper and Ramsha Mushtaq** participated in harassment, retaliation, or failure to address threats and are sued **individually and in their official capacities**.

9.  Defendant **Board of Directors of Kipp Schools Inc.** is sued as the governing authority of the school.

10. **Tiffany Maple, Frank Cush, Board of Directors of KIPP Public Schools, Inc.; Sebha Ali, Allison Thacker, Lauren Gore, Ellen Spalding, Peter Brodsky, Gene Austin, Judge Dolores Lozano, Ethan Phillips, Alex Nila K Sharma, Darla Whitaker, Sara Villarreal, Keith Hennington, Claudine Lussier, Jenna Moon** are additional staff and board members involved in Plaintiff's retaliation, termination, or cover-up, sued individually and officially.

## III. FACTUAL ALLEGATIONS

11. Plaintiff was employed by Defendants as Exercise Science and Wellness Teacher/ Basketball Coach.

12. During employment, Plaintiff was subjected to **harassment, retaliation, and unsafe working conditions**, including **threats and assault by a students** that went unaddressed by Defendants.

13. Plaintiff left campus after threats because of safety concerns. Instead of addressing the incident, Defendants retaliated by criticizing Plaintiff for leaving.

14. Plaintiff submitted an HR complaint, but the **same HR officer who received the complaint advised the principal to terminate Plaintiff**, creating a conflict of interest and denying a fair process.

15. Plaintiff informed the principal she could not attend a disciplinary meeting due to severe **mental health distress**, yet was terminated for refusing the meeting.

16. Plaintiff's **termination was retaliatory** and in violation of federal law.

17. After termination, Plaintiff filed a grievance with the School Board. The grievance was denied, and the denial was publicly posted on YouTube, causing humiliation and reputational harm.

18. A lawyer later offered Plaintiff only **$2,500**, further compounding the emotional and financial damage after losing employment.

19. As a result of Defendants' conduct, Plaintiff suffered loss of income, emotional distress, mental health decline, humiliation, and reputational harm.

## IV. CLAIMS FOR RELIEF

### Count I – Wrongful Termination / Retaliation (Title VII, ADA)
20. Defendants retaliated against Plaintiff for protected activity (reporting harassment, requesting accommodation for mental health).
21. Termination for refusing a meeting during a mental health crisis constitutes retaliation and failure to accommodate under the ADA.

### Count II – Hostile Work Environment
22. Defendants failed to protect Plaintiff from threats and assault by a student, creating a hostile and unsafe workplace.

### Count III – Civil Rights Violations (42 U.S.C. §1983)
23. Defendants, acting under color of state law as a public charter school, deprived Plaintiff of rights secured by the Constitution and laws of the United States.
24. Individual defendants (principal, HR, teachers, board members) acted willfully and maliciously in furthering retaliation and termination.

## V. DAMAGES

25. Plaintiff seeks **$1,000,000 in compensatory damages from each Defendant individually and jointly** for lost wages, emotional distress, humiliation, mental health decline, and reputational harm.

26. Plaintiff further seeks **$1,000,000 in punitive damages against each individual Defendant** for malicious and reckless disregard of Plaintiff's rights.

27. Plaintiff requests back pay, front pay, interest, costs, and any other relief deemed proper by this Court.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays this Court:

A. Enter judgment in Plaintiff's favor against **each Defendant**;
B. Award **$1,000,000 in compensatory damages from each Defendant**;
C. Award **$1,000,000 in punitive damages against each Defendant, individually**;

D. Award back pay, front pay, and lost benefits;
E. Award costs and attorney's fees (even though Plaintiff proceeds pro se, fees may be awarded under statute);
F. Grant such further relief as this Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands trial by jury on all issues triable.

**Respectfully submitted,**

BRITTNEY JONES
P.O. BOX 531
FRESNO, TX, 77545
346.269.5441
B.JONES3@YMAIL.COM
Plaintiff, Pro Se

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Houston District Office
1919 Smith Street, 6th Floor
Houston, TX 77002
(346) 327-7700
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 06/20/2025

**To:** Ms. Brittney D. Jones
PO Box 531
Fresno, TX 77545
Charge No: 460-2024-04781

EEOC Representative and email:    SAMANTHA SALAZAR
Investigator
Samantha.Salazar@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 460-2024-04781.

On behalf of the Commission,

Digitally Signed By:Rayford O. Irvin
06/20/2025

Rayford O. Irvin
District Director

cc:    Bryce A Corsaut, Attorney
Spalding Nichols Lamp Langlois
3700 BUFFALO SPEEDWAY STE 500
Houston, TX 77098

Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

## IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

## ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

## HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 460-2024-04781 to the District Director at Rayford O. Irvin, 1919 Smith Street 6th Floor, Houston, TX 77002.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 460-2024-04781 to the District Director at Rayford O. Irvin, 1919 Smith Street 6th Floor, Houston, TX 77002.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC. For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm. For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.