United States District Court
Southern District of Texas
**ENTERED**
July 08, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| Brittney Jones, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | Civil Action No. 4:25-cv-4567 |
| | § | |
| KIPP Public Schools Inc., *et al.*, | § | |
| | § | |
| *Defendants*. | § | |

## JUDGE PALERMO'S
## REPORT AND RECOMMENDATION AND ORDER

This is an employment-discrimination case. Pending before the Court are Defendants KIPP Public Schools Inc. ("KIPP"), Jenna Moon, and Ali Sebha's motion to dismiss, ECF No. 32, and Defendants Ramsha Mushtaq and Antrina Cooper's motion to dismiss, ECF No. 41.[1]

After considering the motions, responses, and applicable law, the Court recommends the motions to dismiss be granted. After screening the amended complaint under 28 U.S.C. § 1915(e),[2] the Court further recommends that the

---

[1] The district judge referred all pretrial proceedings under 28 U.S.C. § 636. ECF No. 25.

[2] "[T]he Court is required to screen every IFP complaint and 'shall dismiss the case at any time' if the action . . . 'fails to state a claim on which relief may be granted.'" *Wilson v. Cockrell*, No. 4:22-CV-03906, 2023 WL 8195199, at *4 (S.D. Tex. Nov. 27, 2023) (quoting 28 U.S.C. § 1915(e)(2)(B)). "Courts apply the standards for dismissal under Federal Rule of Civil Procedure 12(b)(6) to determine whether an IFP complaint fails to state a claim." *Id.* (citing *Legate v. Livingston*, 822 F.3d 207, 210 (5th Cir. 2016)). The Court may dismiss under § 1915(e) "before or after service of process and before or after the defendant's answer." *Visintine v. Navyarmy Cmty. Credit Union*, No. 2:24-CV-00124, 2024 WL 4720606, at *3 (S.D. Tex. Aug. 29, 2024), *adopted*, No. 2:24-CV-124, 2024 WL 4819438 (S.D. Tex. Nov. 18, 2024). Here, Plaintiff proceeds IFP.

remaining unserved Defendants be dismissed as well.

## I. BACKGROUND

The facts are straightforward. "KIPP is an open-enrollment charter school" in Texas. ECF No. 41 at 1. Plaintiff worked as an exercise, science, and wellness teacher and girls' basketball coach at KIPP's Mosaic Academy. ECF No. 29 § III, ¶ 1.

In August 2023, Plaintiff began reporting "repeated threats of violence from male and female students" as well as instances of assault, slapping, fighting, and even a "student threatening to shoot her in the head and call[ing] his family to shoot up the school." *Id.* ¶ 2. She requested "accommodations and protection from [the] school administration, including Assistant Principal Ramsha Mushtaq, CTE Coach Antri[n]a Cooper, Principal Mia Walker, and HR Amy Soria, but received no meaningful response." *Id.* ¶ 3. She also submitted several grievances to "HR and the Board" about the "threats, harassment . . . , and unsafe working conditions" and discussed these grievances with Tiffany Maple, Frank Cush, Chuck Fimble, and the "Board." *Id.* ¶¶ 5–9.

Plaintiff "took a mental health day" at some point and apparently never returned, "explaining she could not safely return to campus." *Id.* ¶¶ 4, 11. Principal

---

ECF No. 2, No. 4:25-mc-01776 (Sept. 22, 2025) (order in related miscellaneous case granting Plaintiff's IFP application). Accordingly, the Court reviews the amended complaint's allegations against the unserved Defendants under Rule 12(b)(6).

Walker emailed her on June 8, 2024, instructing her "to return to campus," but Plaintiff declined "due to counseling advice and ongoing threats from students." *Id.* ¶ 4. When she failed to return to work, the KIPP "Board voted against" her and terminated her "on February 13, 2024." *Id.* ¶ 13. Plaintiff claims that Walker "ignored emails explaining [her] mental health and that Mushtaq and Cooper "harassed her daily, defamed her character, and influenced her termination." *Id.* ¶¶ 13–14.

Plaintiff filed suit on September 22, 2025, against 18 defendants. ECF No. 1. On November 13, 2025, Plaintiff filed an amended complaint reducing that number to 12: KIPP, KIPP's Board of Directors, Mia Walker, Chuck Fimble, Amy Soria, Antrina Cooper, Ramsha Mushtaq, Tiffany Maple, Frank Cush, Ali Sebha, Ellen Spalding, and Jenna Moon (collectively, "Defendants"). ECF No. 29. She asserts claims under Title VII, the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 1983, and Texas common law. ECF No. 29 § V, ¶¶ 1–9.

## II. THE RULE 12(B)(6) DISMISSAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes courts to dismiss a complaint for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Gaskin v. Univ. of Hous. Police Dep't*, No. CV H-25-1658, 2025 WL 3514356, at *3 (S.D. Tex. Dec. 8, 2025) (quoting *Bell*

*Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the factual allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Calogero v. Shows, Cali & Walsh, L.L.P.*, 970 F.3d 576, 580 (5th Cir. 2020)).

In determining a motion to dismiss, "'[c]ourts accept 'all well-pleaded facts as true' and 'view them in the light most favorable to the plaintiff.'" *Id.* (original alteration removed) (quoting *Allen v. Walmart Stores, L.L.C.*, 907 F.3d 170, 177 (5th Cir. 2018)). At this stage, courts may only consider "(1) the facts in the complaint; (2) documents attached to the complaint; and (3) matters of which the court may take judicial notice." *Id.* (citing *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019)).

"Dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations." *Stanley v. Morgan*, 120 F.4th 467, 470 (5th Cir. 2024) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)), *cert. denied*, 145 S. Ct. 1314 (2025); *Taylor v. Bailey Tool Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014) ("A motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred, and the pleadings fail to raise some basis for tolling.").

## III. PLAINTIFF'S CLAIMS SHOULD BE DISMISSED.

Plaintiff asserts claims under Title VII, the ADA, § 1983, and Texas common

law. The Court will address each category in turn.

**A. Title VII Claims Should Be Dismissed.**

***i. Title VII retaliation claims should be dismissed.***

To begin, Plaintiff alleges that she "engaged in protected activity" by "reporting threats, unsafe conditions, and mental health accommodations," and Defendants retaliated against her under Title VII. ECF No. 29 § V, ¶ 1.[3]

"To establish a prima facie case of retaliation, an employee must show (1) [s]he engaged in protected activity, (2) [s]he suffered an adverse employment action, and (3) a causal connection existed between the protected activity and the employment action." *Davis v. Hemmersbach US, L.L.C.*, No. 23-30806, 2024 WL 229258, at *1 (5th Cir. Jan. 22, 2024). "An employee has engaged in activity protected by Title VII if [she] has either (1) opposed any practice made an unlawful employment practice by Title VII or (2) made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII." *Id.* (internal quotation marks omitted) (quoting *Long v. Eastfield Coll.*, 88 F.3d 300, 304 (5th Cir. 1996)).

Here, Plaintiff fails to allege that she engaged in a protected activity. First, the second clause—the so-called "participation clause"—is not at issue because she filed her EEOC charge after she was terminated. ECF No. 1 at 9–10; *see, e.g.*, *Acklin v.*

[3] Plaintiff does not identify which causes of action apply to which Defendants.

*City of Conroe, Tex.*, No. 4:22-CV-3713, 2023 WL 5279813, at *9 (S.D. Tex. June 20, 2023) (holding that the participation "clause is irrelevant because Plaintiff did not file a charge with the EEOC until after the alleged retaliatory demotion took place"), *adopted*, No. CV H:22-3713, 2023 WL 5279462 (S.D. Tex. Aug. 10, 2023); *Olatunji v. AT&T Servs. Inc.*, No. 3:24-CV-01644-N-BT, 2026 WL 796492, at *7 (N.D. Tex. Mar. 4, 2026) ("[T]he participation clause is not at issue when the employee files an EEOC charge after the adverse employment action."), *adopted*, No. 3:24-CV-01644-N-BT, 2026 WL 792557 (N.D. Tex. Mar. 20, 2026); *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 428 (5th Cir. 2000) (finding that "the 'participation clause' is irrelevant because [Plaintiff] did not file a charge with the EEOC until after the alleged retaliatory discharge took place").

Second, her reports about threats and unsafe conditions by students are not protected for purposes of a retaliation claim because they oppose acts by third parties, not unlawful employment practices by KIPP. *See, e.g.*, *Hill v. Oak St. Health MSO LLC*, 805 F. Supp. 3d 828, 836 (E.D. Mich. 2025) (concluding that "report of racial harassment by [a] homeless man is not a protected activity" under Title VII because it "oppose[d] an act of racism by a third party, . . . not . . . an unlawful employment practice by" the employer), *reconsideration denied*, No. 2:22-CV-10684, 2026 WL 1242748 (E.D. Mich. May 6, 2026); *accord Moore v. Univ. of Miami*, No. 24-22878-CIV, 2025 WL 886977, at *6 (S.D. Fla. Mar. 21, 2025)

("Reporting alleged discrimination or wrongful treatment toward customers—or in this case, patients—does not qualify as protected activity under Title VII.").

Moreover, "Title VII protects only opposition to discrimination based on race, color, religion, sex, or national origin." *Loperena v. Mayorkas*, No. 1:21-CV-59, 2023 WL 7928701, at *6 (S.D. Tex. Oct. 16, 2023) (internal quotation marks omitted) (quoting *Brown v. United Parcel Serv., Inc.*, 406 F. App'x 837, 840 (5th Cir. 2010) (per curiam)), *adopted*, No. 1:21-CV-00059, 2023 WL 7926806 (S.D. Tex. Nov. 16, 2023). No where in the amended complaint does Plaintiff allege that KIPP discriminated against her or anyone else based on race, color, religion, sex, or national origin. Nor does she allege that she ever opposed such discrimination. Thus, she fails to adequately allege a retaliation claim. *Yarbrough v. Glow Networks, Inc.*, No. 4:19-CV-905-SDJ, 2024 WL 896747, at *22 (E.D. Tex. Mar. 1, 2024) (finding "vague and general assertions that [plaintiff] was being treated unfairly" did "not constitute protected activities"), *aff'd sub nom. Yarbrough v. SlashSupport, Inc.*, 152 F.4th 658 (5th Cir. 2025), *cert. denied*, 146 S. Ct. 1817 (2026); *Alusi v. City of Frisco, Tex.*, No. 4:22-CV-397-SDJ, 2024 WL 3363575, at *11 (E.D. Tex. July 10, 2024) ("[M]erely raising a general complaint or vague allegation that there is unfair treatment without mentioning a practice that is unlawful under Title VII does not constitute a protected activity."), *aff'd*, No. 24-40626, 2025 WL 1260446 (5th Cir. May 1, 2025); *Allen v. Envirogreen Landscape Pros., Inc.*, 721 F. App'x 322, 326

(5th Cir. 2017) ("A vague complaint or general allegation of unfair treatment, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity."), as revised (Dec. 7, 2017).

Accordingly, Plaintiff's retaliation claims under Title VII should be dismissed.

***ii. Title VII hostile-work-environment claims should be dismissed.***

Next, Plaintiff alleges that "Defendants created a hostile and unsafe work environment by ignoring threats, failing to discipline students, and engaging in harassment." ECF No. 29 § V, ¶ 6.[4] To state a hostile-work-environment claim, a plaintiff must show she "(1) belongs to a protected group; (2) was subjected to unwelcome harassment; (3) the harassment complained of was based on [her] membership in the protected group; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action." *Holloway v. Fort Bend Indep. Sch. Dist.*, No. 4:24-CV-2014, 2025 WL 3158133, at *9 (S.D. Tex. Nov. 12, 2025) (quoting *English v. Perdue*, 777 F. App'x 94, 98 (5th Cir. 2019)).

Like her retaliation claim, Plaintiff fails to allege that KIPP's failure to

---

[4] It is unclear to which statute(s) Plaintiff's fourth and sixth causes of action refer. To be thorough, the Court addresses both counts under Title VII and the ADA.

discipline students was based on her protected characteristics—i.e., her race, color, religion, sex, or national origin. Thus, she fails to state facts showing, when taken as true, that her harassment "was based on [her] membership in [a] protected group." *Holloway*, 2025 WL 3158133, at *9 (quoting *English*, 777 F. App'x at 98).

Moreover, although Plaintiff asserts that Mushtaq and Cooper harassed her daily, "defamed her character, and influenced her termination," she does not allege any specific statements they made or actions they took—much less that their statements or actions were aimed at or based on a protected characteristic. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Davis*, 2024 WL 229258, at *1 (quoting *S. Christian Leadership Conf. v. Sup. Ct. of State of La.*, 252 F.3d 781, 786 (5th Cir. 2001)).

Accordingly, Plaintiff's hostile-work-environment claims under Title VII should be dismissed.

***iii. Title VII wrongful-termination claims should be dismissed.***

Plaintiff alleges that "Defendants' inaction created a hostile work environment resulting in constructive discharge." ECF No. 29 § V, ¶ 4. Constructive discharge "is a means of proving the element of an adverse employment action where the employee quits instead of being fired." *Espinosa v. Magnolia Fire Dep't*, No. 4:23-CV-03103, 2026 WL 922297, at *2 n.2 (S.D. Tex. Jan. 30, 2026) (quoting

*Wells v. City of Alexandria*, No. 03-30750, 2004 WL 909735, at *3 (5th Cir. Apr. 29, 2004)). Since Plaintiff did not quit—she was fired—her claim should be for wrongful termination, not constructive discharge. Thus, the Court construes Plaintiff's claim as one for wrongful termination.

To state a wrongful-termination claim under Title VII, a plaintiff must show (1) she was discriminated against by her employer to the point where a reasonable person in her position would have felt compelled to resign and (2) she actually resigned. *Sacks v. Tex. S. Univ.*, 83 F.4th 340, 347 (5th Cir. 2023). As explained above, Plaintiff fails to allege any facts showing that the discrimination was in any way based on one of the five characteristics protected under Title VII.

Accordingly, Plaintiff's wrongful-termination claims under Title VII should be dismissed. *Thomas v. Woods*, No. 3:25-CV-00209, 2026 WL 759658, at *8 (S.D. Tex. Mar. 18, 2026) (dismissing hostile-work-environment claim because plaintiff "alleges no facts that would give rise to the plausible inference that any such treatment occurred because of a protected characteristic"), *adopted*, No. 3:25-CV-209, 2026 WL 928655 (S.D. Tex. Apr. 6, 2026); *Williams v. Republic Serv.*, No. 4:25-CV-00422, 2025 WL 2393363, at *4–5 (S.D. Tex. July 23, 2025) (dismissing Title VII claims because "[a]side from noting that she is an African American," plaintiff did "not plead facts showing that the hostile work environment was based on her race"), *adopted*, No. CV 4-25-422, 2025 WL 2391767 (S.D. Tex. Aug. 18,

2025).

**B. ADA Claims Should Be Dismissed.**

***i. ADA retaliation claims should be dismissed.***

The ADA "prohibit[s] employment discrimination against qualified individuals with disabilities." *Maldonado v. Harris Cnty., Tex.*, No. CV H-24-1202, 2025 WL 2443389, at *3 (S.D. Tex. Aug. 25, 2025) (quoting *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010)). To assert a retaliation claim, plaintiffs must allege "that (1) they engaged in an activity protected by the ADA; (2) they suffered an adverse employment action; and (3) there is a causal connection between the protected act and the adverse action." *Ramirez v. PHI Health, LLC*, 762 F. Supp. 3d 596, 614 (S.D. Tex. 2025) (citing *Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999)). "Protected activity includes 'oppos[ing] any act or practice made unlawful by [the ADA].'" *Simonton v. Hous. Methodist Continuing Care Hosp.*, No. 4:23-CV-02184, 2025 WL 1747023, at *9 (S.D. Tex. June 9, 2025) (alterations in original) (quoting *Lyons v. Katy Indep. Sch. Dist.*, 964 F.3d 298, 303–04 (5th Cir. 2020)), *adopted*, No. CV H-23-2184, 2025 WL 1745129 (S.D. Tex. June 24, 2025). Requesting "accommodations may constitute protected activity under the ADA." *Id.* at *10 n.12.

Here, Plaintiff alleges that her "mental health condition required accommodations" but that "Defendants denied these accommodations and retaliated for requesting them." ECF No. 29 § V, ¶ 2. She claims she "requested

accommodations and protection from school administration" but never alleges *what* accommodations she requested or when. *Id.* § III, ¶ 3. She also alleges no facts that, when taken as true, allow the Court to conclude that KIPP fired her because of her accommodation requests. For example, she does not allege when she made the accommodation requests, so the Court cannot infer a causal link based on temporal proximity. *See Ramirez v. PHI Health, LLC*, 762 F. Supp. 3d 596, 608 (S.D. Tex. 2025) (explaining that "a plaintiff 'may satisfy [the] causal connection element by showing close timing between an employee's protected activity and an adverse action against him,'" but the proximity "must generally be very close" (internal quotation marks and original alteration omitted) (quoting *Feist v. La., Dep't of Just., Off. of the Atty. Gen.*, 730 F.3d 450, 454 (5th Cir. 2013))).

Moreover, Plaintiff fails to adequately allege she is disabled. Under the ADA, disability "means a physical or mental impairment that substantially limits one or more major life activities of such individual, a record of such an impairment, or being regarded as having such an impairment." *Norris v. Saafe House*, No. 4:23-CV-752, 2023 WL 8456140, at *3 (S.D. Tex. Dec. 6, 2023) (internal quotation marks omitted) (quoting *Aguirre v. W.L. Flowers Mach. & Welding Co.*, No. CIV.A. C-11-158, 2011 WL 2672348, at *2 (S.D. Tex. July 7, 2011)). "The Fifth Circuit has dismissed actions for failure to state a claim when the nature of the plaintiff's disability was not sufficiently alleged." *Id.* (quoting *Aguirre*, 2011 WL 2672348, at

*2). "The possibility that Defendant is otherwise aware of Plaintiff's impairment does not relieve Plaintiff of the applicable pleading standards." *Id.* (quoting *Aguirre*, 2011 WL 2672348, at *2).

Here, Plaintiff never even alleges she is disabled—much less allege the nature of her disability. At best, she states that she has a "mental health condition." ECF No. 29 § V, ¶ 2. Yet she does not describe the condition or her level of impairment. "Plaintiff's failure to allege facts regarding the nature of her disability or the level of impairment prevents the Court from determining if Plaintiff is disabled under the ADA." *Norris*, 2023 WL 8456140, at *4.

Accordingly, Plaintiff's ADA retaliation claims should be dismissed.

#### *ii. ADA hostile-work-environment claims should be dismissed.*

"Where a disability claim is dismissed due to a plaintiff's failure to allege a qualified disability, then it is unnecessary to address a hostile work environment claim under the ADA." *Norris*, 2023 WL 8456140, at *5 n.4; *Fabela v. Corpus Christi Indep. Sch. Dist.*, No. 2:19-CV-387, 2020 WL 2576175, at *7 (S.D. Tex. May 21, 2020).

Here, the Court finds that Plaintiff fails to adequately allege the nature and scope of her disability. Accordingly, her ADA hostile-work-environment claims should be dismissed.

#### *iii. ADA failure-to-accommodate claims should be dismissed.*

"To establish a failure to accommodate claim, a [p]laintiff must show '(1) the

plaintiff is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the covered employer; and (3) the employer failed to make reasonable accommodations for such known limitations.'" *Norris*, 2023 WL 8456140, at *4 (quoting *Neely v. PSEG Tex., Ltd. P'ship*, 735 F.3d 242, 247 (5th Cir. 2013)).

As explained above, Plaintiff fails to allege facts about the nature and scope of her disability that, if accepted as true, permit the Court to determine she is disabled under the ADA. Moreover, she does not sufficiently allege facts regarding her accommodation requests, meaning the Court cannot conclude they were reasonable.

Accordingly, Plaintiff's ADA failure-to-accommodate claims should be dismissed.

**C. Section 1983 Claims Should Be Dismissed.**

"To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Williams v. Hous. Cmty. Coll.*, No. 4:25-CV-3027, 2026 WL 1146780, at *3 (S.D. Tex. Apr. 28, 2026) (quoting *Piotrowski v. City of Hous.*, 51 F.3d 512, 515 (5th Cir. 1995)).

Here, Plaintiff alleges that Defendants violated her procedural due process rights under the Fourteenth Amendment "by failing to provide a fair grievance

process and retaliating for protected complaints." ECF No. 29 § V, ¶ 3. She further asserts they violated § 1983 "by terminating her for reporting unsafe working conditions," presumably under Title VII and the ADA. *Id.* ¶ 5. Both fail.

#### *i. Procedural due process claims under § 1983 should be dismissed.*

"Procedural due process entitles a public employee with a property right in h[er] employment to notice of the charges against the employee, an explanation of the employer's evidence, and an opportunity to present h[er] side of the story." *Amstutz v. Harris Cnty.*, No. 4:23-CV-01787, 2024 WL 7007189, at *4 (S.D. Tex. June 14, 2024) (emphasis omitted) (quoting *Fowler v Smith*, 68 F.3d 124, 127 (5th Cir. 1995)), *aff'd*, 144 F.4th 773 (5th Cir. 2025).

Plaintiff's due process § 1983 claim fails for at least two reasons. First, the threshold question "to a procedural due process claim is . . . whether a constitutionally protected liberty or property interest has been violated." *Id.* Here, Plaintiff pleads no facts establishing the terms of her employment with KIPP. The amended complaint contains no facts showing she had a constitutionally protected property or liberty interest in her continued employment. Thus, she fails to state a claim for procedural due process. *Id.*

Second, Plaintiff fails to allege facts demonstrating how or why the grievance process was unfair. She claims that KIPP erased the "recording of [the] Level 1" grievance hearing, that Cush "focused on Plaintiff leaving campus" and

"disregard[ed] mental health concerns and safety concerns" at the Level 2 hearing, that Fimble "restricted attendance at [the Level 3] grievance meeting[] and said he was not aware of [her] complaint," and that the Board "failed to provide [a] recording of [the] Level 5 hearing." *Id.* § III, ¶¶ 6–9. Notably, Plaintiff does not allege how ordinary, "fair" grievance processes work or how hers deviated from the norm. For example, she never alleges that *she* was restricted from attending a grievance meeting.

The only thing the Court can infer from these allegations is that KIPP allowed Plaintiff to file grievances and attend multiple levels of review but did not provide audio recordings or allow everyone to attend. Even if true, these facts do not demonstrate that the process was unfair. If anything, they show that Plaintiff received notice of the charge against her, an explanation of KIPP's reasons for firing her, and several opportunities to voice her side of the story. That is all procedural due process requires. *Castille v. Port Arthur ISD*, 168 F.4th 240, 252–53 (5th Cir. 2026) (explaining that the "essential requirements of due process" for an "employee who has a constitutionally protected property interest in his employment" are "notice and an opportunity to respond," and dismissing procedural due process claim where Texas public school teacher received "pre-termination notice" and an opportunity to challenge his proposed termination (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 546 (1985))). Just because KIPP ultimately disagreed with her

does not mean the process was unfair.

Accordingly, Plaintiff's due process § 1983 claims fail.

***ii. Section 1983 claims based on Title VII and the ADA fail.***

"Section 1983 . . . 'is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes.'" *Rocha v. Almeida*, No. 1:23-CV-102, 2023 WL 9102238, at *3 (S.D. Tex. Nov. 27, 2023) (quoting *Baker v. McCollan*, 443 U.S.137, 144 n. 3 (1979)), *adopted*, No. 1:23-CV-00102, 2024 WL 55515 (S.D. Tex. Jan. 4, 2024). "[A]ll § 1983 claims . . . require an *underlying* constitutional [or statutory] violation." *Tinoco v. City of Hidalgo, Tex.*, No. 7:23-CV-136, 2023 WL 5338146, at *6 (S.D. Tex. Aug. 18, 2023) (citing *James v. Tex. Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008)), *aff'd*, No. 23-40543, 2025 WL 655079 (5th Cir. Feb. 28, 2025); *Hicks-Fields v. Harris Cnty., Tex.*, 860 F.3d 803, 808 (5th Cir. 2017) (explaining that *Monell* claims require an underlying constitutional violation).

Since Plaintiff fails to state viable claims under Title VII, the ADA, or the Fourteenth Amendment, she cannot use those claims as underlying violations for her § 1983 claims.

Accordingly, Plaintiff's § 1983 claims should be dismissed.

**D. Texas Common Law Claims Should Be Dismissed.**

Plaintiff asserts three claims under Texas common law: one for intentional

infliction of emotional distress, ECF No. 29 § V, ¶ 7; another for negligence, *id.* ¶ 8; and the final one for defamation, *id.* ¶ 9. Each fails.

### *i. Claims for intentional infliction of emotional distress should be dismissed.*

To state a claim of intentional infliction of emotional distress under Texas law, a plaintiff must allege "that (1) the defendant 'acted intentionally or recklessly; (2) its conduct was extreme and outrageous; (3) its actions caused [the plaintiff] emotional distress; and (4) the emotional distress was severe.'" *Powells v. 1600 W. Loop S., LLC*, No. CV H-23-3790, 2024 WL 1769350, at *4 (S.D. Tex. Apr. 23, 2024) (alteration in original) (quoting *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006)). "Intentional infliction of emotional distress is 'a "gap filler" tort, judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress.'" *Id.* (quoting *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004)). "[I]f the gravamen of a plaintiff's complaint is the type of wrong that the statutory remedy was meant to cover, a plaintiff cannot maintain an intentional infliction [of emotional distress] claim regardless of whether he or she succeeds on, or even makes, a statutory claim." *Id.* (quoting *Johnson v. Blue Cross/Blue Shield of Tex.*, 375 F. Supp. 2d 545, 549 (N.D. Tex. 2005)).

Here, Plaintiff alleges that Defendants "caused [her] severe emotional and

mental distress" by firing her without accommodating her unidentified disability. ECF No. 29 § v, ¶ 7. The gravamen of her claim is the type covered by the ADA, so she does not need a "gap filler" claim. In any event, she does not allege any conduct so extreme or outrageous that, if taken as true, would meet the high standard for intentional infliction of emotional distress. "[D]iscriminatory conduct alone does not suffice." *Powells*, 2024 WL 1769350, at *4.

Accordingly, Plaintiff's intentional-infliction-of-emotional-distress claims should be dismissed.

***ii. Negligence claims should be dismissed.***

"The elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *Tenaris Bay City Inc. v. Ellisor*, 718 S.W.3d 193, 197 (Tex. 2025) (quoting *Rodriguez-Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013)).

Here, Plaintiff alleges that "Defendants failed to protect [her] from repeated threats and assaults, violating duty of care." ECF No. 29 § V, ¶ 8. For damages, she seeks reinstatement, front and back pay, and compensatory and punitive damages. *Id.* § VI. The problem, however, is that all those damages relate to her termination, not threats or assaults from students. Indeed, the amended complaint does not identify any specific threat or assault that KIPP allegedly failed to protect her from that would have caused her damages. So, to the extent Plaintiff attempts to state a

claim for KIPP's failure to protect her, she fails. *Austin v. Chubb Lloyds Ins. Co. of Tex.*, No. CV H-23-3997, 2024 WL 1343307, at *2 (S.D. Tex. Jan. 4, 2024) (dismissing negligence claim where plaintiff "fail[ed] to plead facts that allow the Court to draw a reasonable inference that [p]laintiff's damages proximately resulted from [defendant's] putative negligence").

To the extent Plaintiff tries to state a claim for KIPP negligently firing her, she also fails. "The general rule in Texas is that an employee may be terminated at will and without cause." *Marshall v. MarOpCo, Inc.*, 714 S.W.3d 724, 754 (Tex. App.—Houston [1st Dist.] 2025, pet. filed); *Livingston v. S. New Hampshire Univ.*, No. CV H-25-5085, 2025 WL 3280885, at *2 (S.D. Tex. Nov. 25, 2025) (noting "an employer's broad discretion to terminate under the well-established employment-at-will doctrine" under Texas law). At-will employment "[b]y definition . . . does not require an employer to be reasonable, or even careful, in making its termination decisions." *Livingston*, 2025 WL 3280885, at *2 (alterations in original) (quoting *Tex. Farm Bureau Mut. Ins. Cos. v. Sears*, 84 S.W.3d 604, 609 (Tex. 2002)). In other words, an employer cannot negligently fire an employee under Texas law.[5]

Accordingly, Plaintiff's claims for negligence should be dismissed.

[5] The Court is not aware that a claim for negligent firing exists in any state. *See Parsons v. Signify N. Am. Corp.*, No. 3:23-CV-272 (VDO), 2024 WL 4706187, at *4 (D. Conn. Nov. 7, 2024) (dismissing claim for negligent infliction of emotional distress "based solely upon Defendant terminating Plaintiff" because "termination of employment, even where it is wrongful, is . . . not, by itself, enough to sustain a claim for negligen[ce]" (ellipsis in original) (quoting *Parsons v. United Techs. Corp., Sikorsky Aircraft Div.*, 243 Conn. 66, 700 A.2d 655, 667 (1997))).

### *iii. Defamation claims should be dismissed.*

Finally, Plaintiff alleges that "Defendants made false and damaging statements about [her] conduct and performance to colleagues, other staff members, and external entities." ECF No. 29 § V, ¶ 9. Specifically, the statements suggested that "Plaintiff abandoned her job" and that her "termination was due to misconduct rather than protected complaints." *Id.*

Plaintiff fails completely to identify *which* Defendants said *what* statements *to whom* and *when*. Indeed, she contends that "[d]iscovery is needed to determine dates of publication." ECF No. 38 at 5. To the contrary, the fact that she fails to plead the time and place of publication is precisely the reason her claim should be dismissed. *McKinsey Sellers v. Hous. Area Women's Ctr.*, No. CV H-25-4445, 2026 WL 1363155, at *10 (S.D. Tex. May 15, 2026) ("To be viable, a [defamation] claim must also specifically state *the time and place of the publication* and identify of the speaker." (emphasis added) (quoting *Petersen v. Meta, Inc.*, No. 2:24-CV-00038, 2024 WL 4719714, at *10 (S.D. Tex. Sept. 4, 2024), *adopted*, 2024 WL 4608185 (S.D. Tex. Oct. 29, 2024))). The Court declines to allow Plaintiff to use this litigation as a fishing expedition to ferret through her former coworkers' statements on the mere hope that something actionable turns up.

Plaintiff's defamation claims should be dismissed.

## IV. CONCLUSION

Accordingly, the Court **RECOMMENDS** Defendants' motions to dismiss, ECF Nos. 32, 41, be **GRANTED** and Plaintiff's claims against Defendants KIPP, Moon, Sebha, Mushtaq, and Cooper be **DISMISSED**.

Defendants KIPP Texas Public Schools Board of Directors, Mia Walker, Amy Soria, Tiffany Maple, Frank Cush, and Chuck Fimble ("Remaining Defendants") have not been properly served or appeared in the case. Nonetheless, the Court's above analysis demonstrates that Plaintiff fails to any state viable claims, so waiting for the Remaining Defendants to be served and requiring them to answer would be futile. Where a plaintiff proceeds in forma pauperis, the Court may dismiss under 28 U.S.C. § 1915(e) "before or after service of process and before or after the defendant's answer." *Visintine*, 2024 WL 4720606, at *3. Here, Plaintiff proceeds in forma pauperis. ECF No. 2, No. 4:25-mc-01776 (Sept. 22, 2025) (order in related miscellaneous case granting Plaintiff's IFP application). Thus, the Court **RECOMMENDS** that Plaintiff's claims against the Remaining Defendants be **DISMISSED** under § 1915(e) and Rule 12(b)(6).

Finding dismissal appropriate, the Court **DENIES AS MOOT** Plaintiff's motion to reconsider electronic filing access, ECF No. 57, motion for extension to serve the Remaining Defendants, ECF No. 61, and motion for extension to designate expert witnesses, ECF No. 62.

**The Parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). Failure to file timely objections will preclude review of factual findings or legal conclusions, except for plain error. *Quinn v. Guerrero*, 863 F.3d 353, 358 (5th Cir. 2017).**

**IT IS SO ORDERED.**

Signed at Houston, Texas, on July 8, 2026.

**Dena Hanovice Palermo**
**United States Magistrate Judge**